NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KEVIN JAMES TEEMAN; ANDREA JOY LYONS, | No. 16-35634 |
| Plaintiffs-Appellants, | D.C. No. 1:15-cv-03139-TOR |
| v. | MEMORANDUM* |
| YAKIMA COUNTY SHERIFF'S OFFICE; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, Chief Judge, Presiding

Submitted March 8, 2017**

Before:    LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

Kevin James Teeman and Andrea Joy Lyons appeal pro se from the district

court's summary judgment in their 42 U.S.C. § 1983 action alleging constitutional

violations arising from the temporary, warrantless removal of their children.  We

have jurisdiction under 28 U.S.C. § 1291.  We review de novo, *Burke v. County of*

_____

*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Alameda*, 586 F.3d 725, 730 (9th Cir. 2009), and we affirm.

The district court properly granted summary judgment because Teeman and Joy failed to raise a genuine dispute of material fact as to whether the warrantless removal was impermissible. *See Jones v. County of Los Angeles*, 802 F.3d 990, 1000 (9th Cir. 2015) (warrantless removal of a child is permissible if there is "reasonable cause to believe that the child is likely to experience serious bodily harm in the time that would be required to obtain a warrant"); *see also Mabe v. San Bernadino County*, 237 F.3d 1101, 1109-11 (9th Cir. 2001) (setting forth requirements for supervisory and municipal liability under § 1983).

We reject as without merit Teeman and Lyons's contentions regarding the Freedom of Information Act.

We do not consider issues raised by Teeman and Lyons in their brief that are not supported by argument. *See Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1992).

**AFFIRMED.**